UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASATCH POOL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KAPRESHA COOPER,<br><br>Defendant. | Case No. 2:20-cv-00114-TLN-DB<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Kapresha Cooper's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 23, 2019, Plaintiff Wasatch Pool Holdings, LLC ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of the real property known as 4350 Galbrath Drive, #163, Sacramento, California, 95842 ("the Property"). (ECF No. 1 at 10.) On January 15, 2020, Defendant filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1.)

///

1

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction. *See* 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." *Id.* The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998–1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).

### III. ANALYSIS

Defendant removed this action on the basis of federal question and diversity jurisdiction. (ECF No. 1 at 18.) The Court will address both grounds for federal jurisdiction in turn.

As to federal question jurisdiction, Defendant argues that the Complaint alleges violations of the First Amendment. (ECF No. 1 at 2.) However, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 10–12.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Defendant seems to contend in the notice of removal that Plaintiff has violated the First Amendment, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60-62.

As to diversity jurisdiction, Defendant asserts that Plaintiff is a limited liability corporation formed in another state. (ECF No. 1 at 2.) But even assuming there is complete diversity of citizenship, the Complaint makes clear that the amount in controversy does not exceed $75,000 because Plaintiff demands "less than $10,000." (ECF No. 1 at 10.) Moreover, Defendant fails to prove, with legal certainty, that the amount in controversy is in fact higher than $75,000. *See* 28 U.S.C. § 1332; *see also Lowdermilk*, 479 F.3d at 998–1000.

In sum, because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. Further, Defendant's alternate argument as to diversity jurisdiction also fails because the amount in controversy does not meet the statutory requirement. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: January 16, 2020

Troy L. Nunley
United States District Judge